# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# LAFAYETTE DIVISION

| | |
|---|---|
| **MICHAEL J SANDERS ET AL** | **CASE NO. 6:23-CV-00458** |
| **VERSUS** | **JUDGE ROBERT R. SUMMERHAYS** |
| **BRYAN A PEREZ ET AL** | **MAGISTRATE JUDGE CAROL B. WHITEHURST** |

## REPORT AND RECOMMENDATION

Before the Court is Plaintiffs' Motion to Remand. (Rec. Doc. 29). Defendants, Huntington Ingalls Industries, Inc., Bryan Perez, Ace American Insurance Company, and EAN Holdings, LLC, opposed the motion (Rec. Doc. 35; 36; 37). The motion was referred to the undersigned magistrate judge for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of this Court. Considering the evidence, the law, and the arguments of the parties, and for the reasons explained below, the Court recommends that Plaintiffs' motion be denied.

## Factual Background

Plaintiffs filed this suit in state court in March 2023, following an auto accident against the adverse driver, Bryan Perez, EAN as owner of Perez's rental car, its insurer, and Plaintiffs' UM insurer, Allstate. (Rec. Doc. 1-1). By amended petition filed March 20, 2023, Plaintiffs sued Perez's purported employer,

Huntington Ingalls. (Rec. Doc. 2). Huntington Ingalls removed to this court on April 10, 2023. Plaintiffs filed the instant motion to remand on the grounds that Allstate "has consented to the State court proceeding thereby defeating subject matter jurisdiction…" (Rec. Doc. 29-1, p. 2).

## Law and Analysis

The federal district courts have original jurisdiction over cases in which the parties are diverse in citizenship and the amount in controversy exceeds $75,000. 28 U.S.C. §1332. 28 U.S.C. §1441 and §1446 provide the procedural mechanism by which a party may remove a matter from state court to a federal district court.

> The removing party bears the burden of showing that federal jurisdiction exists and that removal was proper. To determine whether jurisdiction is present for removal, we consider the claims in the state court petition as they existed at the time of removal. Any ambiguities are construed against removal because the removal statute should be strictly construed in favor of remand.

*Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002) (cleaned up).

Huntington Ingalls, as the party seeking to invoke federal diversity jurisdiction under §1332, bears the burden of establishing that the parties are diverse, that the amount in controversy exceeds $75,000, and that removal was otherwise proper.

Plaintiffs' stated grounds for remand—that Allstate consented to state court proceedings thereby defeating subject matter jurisdiction—is not clear. The Court

2

gleans two possible objections to jurisdiction: 1) Allstate did not consent to removal; and 2) Allstate as Plaintiffs' UM insurer lacks diversity. Huntington Ingalls argues Plaintiffs' motion to remand is untimely.

## I.  **Timeliness of Plaintiffs' Motion to Remand.**

Procedural defects must be raised in a motion to remand filed within thirty days of removal. 28 U.S.C. § 1447(c). "A plaintiff who fails to file a motion to remand based on a procedural defect within thirty days loses the right to challenge the defect." *Ashmore v. Dolgencorp, LLC*, 601 F. Supp. 3d 31, 34 (E.D. La. 2022)

A procedural defect is "any defect that does not go to the question of whether the case originally could have been brought in federal district court." *Baris v. Sulpicio Lines, Inc.*, 932 F.2d 1540, 1544 (5th Cir. 1991). A defendant's lack of consent to removal is a procedural defect. *Johnson v. Helmerich & Payne, Inc.,* 892 F.2d 422, 423 (5th Cir. 1990) ("The failure of all the defendants to join in the removal petition is not a jurisdictional defect."); *Mauldin v. Allstate Ins. Co.,* 757 F. App'x 304, 309 (5th Cir. 2018).

Huntington Ingalls removed the case on April 10, 2023. (Rec. Doc. 1). Plaintiffs moved to remand on June 13, 2023, more than sixty days later. (Rec. Doc. 29). To the extent Plaintiffs object to removal on the grounds of Allstate's purported

lack of consent, the objection is untimely. Thus, the Court forgoes discussion of whether Allstate properly consented.[1]

## II. Allstate's diversity.

Plaintiffs' motion to remand conceivably raises Allstate's citizenship as a jurisdictional objection. Plaintiffs are citizens of Louisiana. (Rec. Doc. 1-1). Huntington Ingalls is a citizen of Delaware (Rec. Doc. 1); Perez is a citizen of Virginia; Ace is a citizen of Pennsylvania (Rec. Doc. 27). Allstate is a citizen of Delaware and Illinois (Rec. Doc. 33). Thus, complete diversity is satisfied under §1332. To the extent Plaintiffs suggest Allstate's status as their UM insurer imposes a Louisiana citizenship, the argument fails.

> 28 U.S.C. §1332(c)(1) provides in pertinent part:
>
> a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business, except that in any direct action against the insurer of a policy or contract of liability insurance, whether incorporated or unincorporated, to which action the insured is not joined as a party-defendant, such insurer shall be deemed a citizen of—
>
> > (A) every State and foreign state of which the insured is a citizen[.]

---

[1] The Court notes that though Allstate did not file a formal consent to removal at the time of removal, Allstate's counsel informally consented to removal on April 18, 2023 as confirmed in writing on June 30, 2023. (Rec. Doc. 35-1; 35-2).

Although §1332(c)(1) could impose an insured's citizenship upon his insurer, §1332(c)(1) does not apply to a plaintiff's suit against his uninsured motorist insurer, because that section applies only to direct actions against liability insurers. UM policies are not considered liability policies for these purposes. See detailed discussion in *Gonzalez v. Gov't Employees Ins. Grp.,* No. CIV. A. 99-3707, 2000 WL 235236, at *3 (E.D. La. Feb. 28, 2000), citing cases. Further, as the court in *Gonzalez* reasoned, a plaintiff's suit against his UM insurer is not a "direct action" as contemplated by Louisiana's direct action statute. *Id*. at p. 4, citing cases. See also *Bower v. Wurth*, No. 6:20-CV-00579, 2020 WL 5224518, at *6 (W.D. La. July 31, 2020), *report and recommendation adopted,* No. 20-CV-579, 2020 WL 5227491 (W.D. La. Sept. 1, 2020), citing cases. Thus, Allstate's status as Plaintiffs' UM insurer does not defeat diversity jurisdiction in this case.

## Conclusion

For the reasons discussed herein, the Court recommends that Plaintiffs' Motion to Remand (Rec. Doc. 29) be DENIED.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen days after

being served with of a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds of plain error.  See *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. §636(b)(1).

THUS DONE in Chambers, Lafayette, Louisiana on this 14th day of July, 2023.

_____
CAROL B. WHITEHURST
UNITED STATES MAGISTRATE JUDGE